UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MOORING, | No. C 07-5013 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| J. WALKER, | |
| Respondent. | |

## INTRODUCTION

Daniel Mooring, a prisoner at the California State Prison - Sacramento, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Mooring's in forma pauperis application also is before the court for consideration.

## BACKGROUND

Mooring's petition and attachments disclose the following: Mooring was convicted in San Francisco County Superior Court of murder, robbery, assault with a deadly weapon, and being a felon in possession of a firearm. He was sentenced to life without the possibility of parole. He appealed. His conviction was affirmed on October 3, 2005, and his petition for review was denied thereafter. He filed unsuccessful state habeas petitions in 2007. He then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts seven claims: (1) the admission of evidence of Mooring's involvement in a later robbery and admission of evidence of Mooring's statement to the police after the robbery in this case violated his rights to due process and a fair trial; (2) his Confrontation Clause rights were violated by police inspector Wynkoop's testimony; (3) his rights to due process and a fair trial under Brady v. Maryland, 373 U.S. 83 (1963), were violated by the prosecution's failure to disclose material impeachment evidence; (4) the failure to require the jury to agree unanimously whether Mooring was a director perpetrator or an aider and abettor violated Mooring's Sixth and Fourteenth Amendment rights, see Apprendi v. New Jersey, 530 U.S. 466 (2000); (5) the admission of a photograph of the victim while he was alive violated Mooring's rights to due process and a fair trial; (6) the imposition of the upper term sentence on the robbery counts violated the Apprendi rule, and (7) cumulative error. Liberally construed, all seven claims are cognizable in a federal habeas proceeding.

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all

2

attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.  Respondent must file and serve upon petitioner, on or before **January 25, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.  If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **February 29, 2008**.

5.  Petitioner's in forma pauperis application is GRANTED. (Docket # 2, # 4.)

IT IS SO ORDERED.

DATED: November 14, 2007

SUSAN ILLSTON
United States District Judge