Daniel Mooring
C-5-126
CSP-Sacramento
PO Box 29-0066
Represa, Ca 95671

FILED
08 AUG 15 PM 2:25
[U.S. DISTRICT COURT stamp]

IN THE DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL MOORING,
    PETITIONER,

v.

J. WALKER, WARDEN,
    RESPONDENT,

NO. C07-5013 SI (Pr)

TRAVERSE

Petitioner Daniel Mooring by way of Traverse to Respondent's Answer, alleges as follows:

## I

Petitioner admitts that he is in custody as stated by respondent. However, Petitioner contends that his custody is "unlawful" for the reason set forth herein and in the Petition for writ of habeas corpus and supporting exhibits.

## II

Admitted as to the cause of Petitioner's detention.

## III

Petitioner contends that he is entitled to relief on the following Grounds, as set forth in the Petition:

Ground one: The admission of evidence of petitioner's ~~involvement~~ involvement in a later robbery and admission of petitioner's statement to the police after robbery in this case violated petitioner's right to due process and a fair trial.

Ground two: Petitioner's constitutional right of confrontation were violated by the testimonal Hearsay stated by police inspector Wynkoop testimony.

Ground three: The right to due process and a fair trial under Brady v. Maryland 373 US 82 (1963) were violated by the prosecution failure to disclose impeachment evidence.

Ground four: Failure to require the jury to agree unanimously whether petitioner was a direct preperator or an ~~aider~~ aider and abettor violated sixth and fourteenth Amendant right.

Ground five: The admission of a photograph of the victim while he was alive violated petitioner's due process and a fair trial.

Ground six: The imposition of the upper term sentence on the robbery count violates Apprendi ruling.

Ground seven: The cumulative prejudicial impact of the various constitutional errors is a violation of federal due process.

Habeas reliefs, including but not limiting to an evidentary hearing, should be granted, for the reason set forth in the and in the Points and Authorities is support of the Traverse.

IV

Admitted that the AEDPA controls the disposition of this case. However, Petitioner contends that the state court denials of his habeas claims are contrary to and resulted from an unreasonable determination of clearly established law as promulgated by the U.S. Supreme Court, and are the product of an unreasonable determination of the facts.

V

Petitioner is entitled to relief on the claims set forth in III

Conclusion

Wherefore, Petitioner Respectfully requests:

(1) that an evidentary hear be granted on Grounds, 1,2,3,4,5,6,7,

(2) that the court granted the writ of habeas corpus

(3) all other appropriate relief.

Dated ~~~~~~~~~
8/12/08

Respectfully submitted
Daniel Mooring V32956
Petitioner

Daniel Mooring V32456
C-7-231
CSP-Sacramento
PO Box 29-0066
Represa, CA 95671

United States District Court
Northern District of California

No. C07-5013 SI (pr)

Daniel Mooring,
    Petitioner,

V.

J. Walker,
    Respondent.

Points and Authorities in support of Traverse

PRELIMINARY STATEMENT

Petitioner was charged in San Francisco Superior Court with one count of murder with special circumstance (Penal Code) 187. 190.2(a)(17)(A), Two count of second degree Robbery (Penal Code 212.5 one count of Assault with a firearm (penal code 245(a)(2). count one, two allege that petitioner personally used a firearm (12022.55(b)(a) and count three, four alleged petitioner committed great body injury enhancement (12022.7)(a)) Jury return a guilty verdict, and found personal use allegation untrue.

Throughout Petitioner's trial their were numerous errors that resulted in the outcome of petitioner's verdict. Such violation jeopardize Petitioners trial and rights

1 guaranteed by the United States Constitution.

## Statement of Facts

Petitioner(s) maintains that the facts which this court should consider to be established at trial are those in the court of appeal opinion rather than those of tendered by the California Attorney General in the state appeal.

## Habeas Petition Allegations

Ground one of the petition alleges in sum that petitioner's due process and a fair trial were violated by erroneously admitting evidence. Ground two: petitioners right to confortation were violated by hearsay testimony. Ground three alleges that prosecution withheld favorable evidence relating to key witness. Ground four: petitioners sixth and fourteenth amendment rights were violated by jury instruction that convicted petitioner as and aider and abettor. Ground five: violated petitioners right to due process by admitting highly prejudice evidence. Ground six: petitioner was sentenced to the max that was not found by a jury. Ground seven: The cumulative impact that resulted from the numerous errors which deprived petitioner his due process. this constitutes a constitutional errors.

## Legal Argument

### I.

Petitioner's involvement in subsequent robbery was outweighed by the potential prejudice effect.

I

Standard of review governing federal habeas corpus Petitioners accounts by state prisoners.

1. This case is governed by the AEDPA Act of 1996, which imposes a "high deferential" standard for evaluating state court rulings. In Petitioner's case relief should be granted due to the numerous errors that made the state court rulings erroneous in all aspects, and contrary to the protection that all are afforded by the U.S. Constitution. The evidence in Petitioner's case only became overwhelming by the contrary rulings and errors that render his trial unfair. Evaluating Petitioner's case it is clear that without such errors the outcome of his trial would have been favorable to Petitioner.

The state court ruling was very much unreasonable, it only relied on testimony that was suspicious as well. it disregarded the unfairness that Petitioner suffered throughout his trial. The unreasonable application has clearly been established, minus the contrary errors Petitioner's outcome would of been favorable.

///
///

The admission of subsequent robbery and petitioner statements to Police afterwards violate due Process

1. The manner in which Petitioner's words can be interpreted is what the Prosecution has said throughout Petitioners trial that he (Petitioner) is a Person who can chase down and beat, Rob he is the kind of person that can commit these kind of criminal acts. Why? Because Petitioner lacks remorse! The sole purpose of Prosecutions effort to have the McCready incident admissionable was to show/try to establish that Petitioner is a person who lacks empathy and was the shooter.

Petitioner states that "He did not care about people that wasn't his folks". The fact that McCready incident was a robbery violates Petitioner's Due Process by its admission to show Petitioner intent to kill. Prosecutions stated to the Judge if the Jury does not learn the truth about Petitioner, the Jury will be misled to believe that only Kennedy and Collier has a cold and heartless need to commit this crime.

McCready incident was a robbery not a murder there is no logic in connecting the murder with McCready Robbery. The intent that is trying to be establish is that Petitioner may have the intent to Rob not kill. The prosecution and Attorney General is fix on these words "I don't give a fuck it is not my family or friends"

In closing arguments prosecution stated "if you have any trouble answering whether Petitioner accidently kill or intend to kill, remember it's a McCready.

Despite the effort of the prosecution that the evidence regarding the McCready incident is admissionable to show modis Operandi and intent will be shown to evidence. it is not admissionable under either theory. Furthermore the prejudicial impact of the evidence far out weighs any conceivable relevance. Petitioner's identity is the sole purpose as the evidence in this trial there is none that Petitioners was involved in the assault on McCready.

1. Moreover the theory in this case is that petitioner shot the victim, which bears no similarity in McCready incident. To show identity the uncharged offense must share common features that are sufficiently distinct as to support the inference that the same person committed both acts. The events in the charge offense and the uncharged offense bears very little similarity the incidents certainly do not show the distinctive or unique marks necessary to prove identity. Petitioner's statement to the police regarding the incident has nothing to do with admissionable modus operandi evidence.

2. The inadmissionable evidence was improperly used in reality the statement was sought to illustrate petitioner's character. As such evidence is inadmissionable character evidence Estell v McGuire (1991) 502 US 62 [State law errors rendering a trial unfair violates federal due process] McKinney v Rees (9th civ 1993) [admission of irrelevant and prejudicial evidence violates the defendants federal due process]

3. The words "I don't give a fuck" is highly inflammatory. The prejudicial evidence amounts to no more than inadmission propensity and character evidence.

## III
## Petitioner's right to confortation were violated by hearsay testimony.

The Prosecution case revolved around --- That Petitioner was the "Person responsible for the killing", the evidence that the prosecution present suggested such. When considering the out come of petitioners trial the trial has to weigh the the trial as a whole.

Inspector Wynkoop, the Prosecution, and the defense were aware that there wasnot to be any question that has a hearsay response, soon after the courts warning Inspector Wynkoop testified. The Prosecution ask Inspector Wynkoop if Bobby gave him "anything tangible. Wynkoop answer" She gave me a photograph (id at 2124) of the person responsibile for the killing". Petitioner counsel immediately objected to the statement.

Prosecution opening statement to the jury informed them that there was a torn photograph of Petitioner and they will see it. Bobby was link in the investigation of Petitioner's case, Bobby indentified Petitioner as the killer to Inspector Wynkoop and his testimony also indentified Petitioner as the killer to the Jury.

The context of the statement was the whole reason why Petitioner was on trial, without Bobby there was no arrows pointing towards petitioner. The prosecution claims that Inspector Wynkoop testimony was a inadvertently slip, but there was a clear understanding that there was not to be any eliciting hearsay for reason of connecting Petitioner to a photo. It is clear that this was not a unintentional slip by Inspector Wynkoop, the prosecution paved the way for this innuendo statement.

This torn photograph that the prosecution informed the jury about was indentified by two witnesses, the jury was aware of the smaller size photo and the enlarged size photo which Petitioner was indentified on the record as Petitioner.

The trial court stated that it reviewed the statement as a very serious breach of a court order regarding the hearsay issue which was a very important matter in Petitioner's trial. The trial court stated" that there was no link to Petitioner in Wynkoop's testimony, petitioner's trial court rule that his counsel arguement would of been a much stronger one if Petitioner was indentified by Wynkoop's testimony, so Petitioner's trial court admonished the jury by telling them to disregard everything they heard about Bobby

do not discuss or consider it in your deliberation. The court of Appeal said that Petitioner's trial court was proper in its admonishment, because of the evidence present at his trial.

The AG is trying to minimize the [illegible] testified to hearsay [illegible]

The AG [illegible] blanket on the true issue and point that Petitioner was on trial for the murder of Sharlie Worcester. A reasonable member of the jury could have figured out that Petitioner was in the born photograph that was shown to Kennedy and Edwards who ind-identified Petitioner as the individual responsible for the killing.

The AG and the Prosecution pose the question how would Bobby know Petitioner was the person responsible for the killing, Bobby might be Leslie DeJohn Kennedy's long term girlfriend, now the issue before the court is whether Petitioner's trial court admonishment was adequate. "Krulewitch vs (1949) 336 US 440, 453 E the naive assumption that prejudicial effects can be overcome by instructions to the jury all [illegible] Practicing lawyer know to be unmitigated fiction]

The explicit statement was elicited for the purpose of its meaning, when inspector Wynkoop testified to the inadmissible hearsay petitioner's fifth, sixth and fourteenth amendment rights were jeopardized and violated, the instruction to [illegible] these potent words were insufficient to believe the jury could [illegible] and the [illegible] the [illegible] the [illegible] and [illegible] the [illegible] at trial that Petitioner was the person responsible for these killings.

IV

Failure to disclose material impeachment evidence of prosecution witness violate Petitioners constitutional to a fair trial and due process.

During trial Kennedy identify state he cannot remember making certain statements. The reports that was provided to Petitioner was inadequate, the fact that petitioner certain copies of Kennedy's interview with sergeant Ridgeway and close exam Kennedy would of have more effect in impeaching Kennedy if Petitioner had the report of Ridgeway interview, the outcome would of been favorable to Petitioner. Kennedy credibility was shown through his action on the stand, by his lack of eye contact, lack of memory on certain issue pertaining to Petitioner guilt. The report was vital to Petitioner it was material to establish the truth of Kennedy's testimony. The issue in Petitioner's case are complex and the A.G continues to minimize the numerous errors by stating all errors where harmless by the overwhelming evidence. The prejudices suffered by Petitioner are consistent with the ruling in Brady v Maryland (1963) 373 US 83

V

Admission of photograph of the victim violated Petitioner's right to a fair trial and Due process guaranteed by the federal constitution.

The admission of a photograph of the victim at a friend's wedding was simply a tactic use by the prosecution to encourage the jury to convicted Petitioner, to incite sympathy. The photograph had no probative value. Its only purpose was to show what the victim will be miss by friends and family. This evidence was improperly admitted and was prejudicial evidence, depriving Petitioner of his guaranteed right to a fair trial and due process.

Petitioner's Sixth and Fourteenth Amendment were violated by failure to prove the unanimous beyond reason as to petitioner was a direct perpetrator or aider and abettor.

The only evidence present at Petitioner's trial was that there was one person who could've been the person responsible for the murder of Sharne Worcester. The theory present to the jury was that Petitioner was the shooter. This theory was rejected but the jury not Petitioner was convicted as an aider and abettor. This was reversible error the erroneous aiding and abetting instruction.

The aiding and abetting instruction lightens the beyond reasonable doubt standard for the prosecution, with the testimony of Edwards and Kendra there is no evidence, without their testimony there is no such evidence that Petitioner aided, promoted, encouraged or instigated the commission of the murder of Mr. Worcester.

Blakely v. Leppard questions the second elements Blakely Supreme Court at 1537 [jury must find every fact essential to sentence]. The no-unanimity as-to-theory instruction in this case allowed the jury to convict Petitioner without unanimity as to the essential facts. The necessary elements of proof of guilt need to convict as a direct perpetrator (which Petitioner was on trial as) are different elements needed to convict as an aider and abettor.

By the rejection of the Prosecution theory that Petitioner was the sole killer in the killing once that evidence is rejected there is no evidence of Petitioner involvement. Nothing in Petitioner's case suggest that he was and aider and abettor. Petitioner designated role was to committed such act all testimony at trial by witnesses were all suspicious as mock. The instruction was a violation of Petitioner's Sixth and Fourteenth Amendment.

\\
\\

VII

1  Petitioner was sentence to the max that was not found by
2  a jury beyond a reasonable doubt.

4  The A.G contest that Petitioner is bared from any action that
5  are concurrent with Cunningham due to his claim that
6  cunningham is retroactive. he does state that The Unite State
7  supreme court has said that California's upper term sentencing
8  violates the sixth amendment.
9  The action in Blakely, Apprendi, Booker should be afforded to
10 Petitioner on the same grounds, that the sixth amendment guaran
11 tees that any facts increasing a sentence must be proven
12 beyond reasonable doubt by a jury. Petitioner did not ad
13 mit nor have a prior conviction. his trial judge sentence
14 Petitioner to the upper term for what the trial judge
15 stated that Petitioner was a danger to Society and
    the crime was a high degree of cruelty.

17 The Supreme Court has held that any fact other than the
18 admission of the accuse or a prior conviction has to be
19 found by a jury beyond a reasonable doubt. if this court
20 looks at Blakely, Booker, Apprendi it will see that Petitioner
   's case is on point with said case and should be granted
21 on the reasons in the citing cases. The AG states that
22 any error was harmless. he seems to rely on the fact that
23 People v Black 35 cal 4th 1238 states that Blakely does not
   apply to californias sentencing system. he does not refrain
24 from continuously stating that the error was harmless
25 and that any jury would have found at least one
   fact. The fact is that Petitioner was not afforded
26 the chance to have the facts found by a jury
27 which is contrary to U.S.S.C rulings.

28 ///

VIII

1. The cumulative prejudicial impact of the various constitutional errors is a violation of petitioner's federal due process.

The impact that petitioner suffered result from the numerous cumulative errors that effect his trial throughout his trial Petitioner due process where jeopardize by the admission of prejudicial evidence. When analyzing the many errors the court will see that the context of each error played its part in the outcome of petitioner's conviction. The evidence of petitioner's guilt is unclear, by there being no physical evidence linking to Petitioner to a certain act, only testimony of witness's who's testimony is subject and made out of personal gain (Taylor V Kentucky (1978) 436 U.S. 478, 487 and see [cumulative effect of errors may violate due process], United States V Frederick (9th cir 1996) 78 f.3d 1370, 1381 [reversing for cumulative errors because "where there considering the cumulative prejudicial impact of various errors, are a number of errors at trial a balanced issue-by-issue harmless error review is far less effective than analyzing the overall effect of all the errors in the context of the evidence introduced at trial."]

The errors that occurred in Petitioner trial result in the conviction that in itself was a violation PCJ

CONCLUSION

For the foregoing reasons petitioner's Habeas corpus should granted with an evidentiary hearing.

Date: 8/12/2008

Daniel Martino
V32936

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, Daniel _____, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

CSP-Sac
PO Box 290066
Represa, Ca 95671

On, 8/1/08, I served the following documents:

Traverse, Point and authority of Traverse.

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. Office of the clerk
US District Court
Northern District of
Cal, 450 Golden
Gate Ave, SF, Ca 94102

2. Dept of Justice
450 Golden Gate
Ave Suite 11000
SF, Ca 94102-7004

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 12 day of August, 2008, at California State Prison - Sacramento, Represa, California.

(Signature) Daniel _____